**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-50098-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Justin Blue Enriquez, | |
| Defendant. | |

Defendant Justin Blue Enriquez filed a Motion to Have Detainer Lifted (Doc. 6) to which the Government has filed a Response in opposition (Doc. 7). Defendant then filed a Petition for Extraordinary Relief and Reply (Doc. 8). The Court will deny Defendant's Motion for the foregoing reasons.

Defendant's Motion (Doc. 6) is brief and asks for his "detainer to be lifted" because it "is preventing [him] from participating in any programs and jobs to help [him] better prepare for [his] future[.]" (Id.). Defendant's Reply (Doc. 8), however, includes new but unexplained allegations of First, Fourteenth and Sixth Amendment rights violations as a result of the pending detainer. Although the Government had no notice of these allegations, it need not respond to them because they are not well supported.

A review of the record shows that this Court accepted supervision over Defendant Enriquez in April 2020 following the conclusion of his federal sentence in December 2019. While on supervised release in November 2021, a supervised release violation revocation petition was filed and signed by this Court. Defendant Enriquez is now in state custody for

a state law violation(s), without having first resolved his supervised release violation case. Therefore, a detainer has been placed upon Defendant Enriquez so that he may resolve the petition once he completes his state case sentence.

      Defendant Enriquez has no constitutional right to receive a hearing *until* he is taken into federal custody. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985) (Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers); *see also*, *United States v. Repp*, 987 F.3d 1245, 1247 (9th Cir. 2021) (Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 2, does not apply to petitions for violation of supervised release. Since Defendant Enriquez has not been taken into federal custody, the Cour lacks jurisdiction to hold a hearing on the allegations and the petition and detainer will remain in place until such time.

      In addition, the federal government is not constitutionally required to writ a defendant out of state custody and bring him into federal custody for purposes of executing a violation warrant. *United States v. Garrett*, 253 F.3d 443, 448 (9th Cir. 2001). Indeed, the federal government is within its discretion to wait until a defendant is released from state custody to execute a federal detainer. *Id* Until then, the Court lacks the authority to issue any order quashing his detainer.

      **IT IS ORDERED** denying Defendant's Motion (Doc.6).

      Dated this 28th day of August, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28