**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-50098-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Justin Blue Enriquez, | |
| Defendant. | |

Defendant Justin Blue Enriquez filed a Petition for Extraordinary Relief, Answer, and Reply, under "U.S.C.S. Ct. of Crim. App 150.20." (Doc. 10). His petition asks the Court to "move in granting relief by removal of Detainer Hold." (Id.). The Government has filed a Response in opposition (Doc. 11). The Court denies Defendant Enriquez's requested relief.

This Petition was filed shortly after the previously filed Motion to Have Detainer Lifted (Doc. 6). The Court issued its Order deny Defendant's Motion. (Doc. 9). In its Order, the Court explained that Defendant Enriquez has no constitutional right to receive a hearing *until* he is taken into federal custody. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985) (immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers); *see also*, *United States v. Repp*, 987 F.3d 1245, 1247 (9th Cir. 2021) (Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 2, does not apply to petitions for violation of supervised release).

*Repp* is particularly instructive given the Ninth Circuit' explanation of detainers for federal supervised release violations: "We appreciate that Repp hopes to resolve the supervised release violation so that he might be able to serve any additional sentence concurrently with the undischarged portion of his Arkansas sentence. ***But there is no entitlement to that relief under any authority of which we are aware***. 987 F.3d at 1248 (emphasis added). Defendant Enriquez is in the same position as Repp was – seeking to be brought to federal court to resolve his supervised release violation case. And, as previously explained, since Defendant Enriquez has not been brought into federal custody, this Court lacks jurisdiction to hold a hearing on the petition and his detainer will remain in place until such time that he has completed his state court-imposed sentence.

The Defendant's reiteration and explanation of various alleged constitutional violations though colorfully made do not change the outcome. First, this Court's Order(s) are not appealable. *See Repp*, 987 F.3d 1245. As explained before, the federal government is not constitutionally required to writ a defendant out of state custody and bring him into federal custody for purposes of executing a violation warrant. *United States v. Garrett*, 253 F.3d 443, 448 (9th Cir. 2001). Given that he has no constitutional right to have a hearing until he is in federal custody, no constitutional violation can be found to have occurred.

**IT IS ORDERED** denying Defendant's Motion (Doc.10).

Dated this 31st day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 2 -